UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NELSON HERNANDEZ,<br><br>   Petitioner,<br><br>   v.<br><br>TONY HEDGPETH,<br><br>   Respondent. | NO. CV 07-7036-DSF (AGR)<br><br>ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION |

  Pursuant to 28 U.S.C. § 636, the Court has reviewed the entire file *de novo*, including the Petition, the Magistrate Judge's Report and Recommendation ("R&R"), the Objections to the R&R filed on January 27, 2011, and the records and files. Based upon the Court's *de novo* review, the Court agrees with the recommendation of the Magistrate Judge. Petitioner's objections are overruled.

  The Objections raise a new argument that was not presented to the California Supreme Court and was not contained in the petition filed in this court. In Ground Three, two witnesses testified at trial in Petitioner's defense that he had an alibi for the shooting. (R&R at 17 n.8.) In rebuttal, Petitioner's juvenile probation officer testified about statements Petitioner had made to him contradicting the two defense witnesses' testimony. (*Id.*) Petitioner argued in

California and here that the California Court of Appeal used the incorrect standard of prejudice in evaluating whether Petitioner's statements to the probation officer were erroneously admitted. (*Id.* at 17; *see also* Petition at 27-29.) The Magistrate Judge found that Ground Three was not cognizable on federal habeas review because Petitioner had not argued any violation of federal law. (R&R at 17.)

In his Objections, Petitioner argues that the statements he made to his probation officer violated his right against self-incrimination and that, as a 17-year-old juvenile, he had not waived his right to self-incrimination. (Objections at 5.) The Court rejects Petitioner's argument because it is unexhausted. *See* 28 U.S.C. § 2254(b)(1) (federal habeas relief is not available for unexhausted grounds).

The Court also rejects Petitioner's new argument as meritless. The record indicates that the probation officer read Petitioner his *Miranda* rights. (Lodged Document ("LD") 13 at 494-95.) Petitioner indicated to the officer that he wanted to speak to the officer without an attorney. (*Id.* at 495.) Whether a defendant validly waives his *Miranda* rights is based on "the totality of the circumstances indicat[ing] that the waiver was knowing and voluntary." *See Juan H. v. Allen*, 408 F.3d 1262, 1271 (9th Cir. 2005) (citing *North Carolina v. Butler*, 441 U.S. 369, 373, 99 S. Ct. 1755, 60 L. Ed. 2d 286 (1979)). "The totality-of-the-circumstances test applies to the interrogation of juveniles and 'includes evaluation of the juvenile's age, experience, education, background, and intelligence, and . . . whether he has the capacity to understand the warnings given him, the nature of his Fifth Amendment rights, and the consequences of waiving those rights.'" *Id.* (quoting *Fare v. Michael C.*, 442 U.S. 707, 725, 99 S. Ct. 2560, 61 L. Ed. 2d 197 (1979)). In *Juan H.*, the Ninth Circuit found that the California court had not been objectively unreasonable in concluding that the defendant, who was 15 at the time of his confession, "was apprised of his

1 | *Miranda* rights, that he actually understood those rights, and that he validly
2 | waived them for the portions of the interrogation admitted into evidence." *Juan*
3 | *H.*, 408 F.3d at 1266, 1272.  Petitioner does not argue that he did not understand
4 | his rights at the time he made the statements to the probation officer.  Just as in
5 | *Juan H.*, Petitioner told the officer that he was willing to speak to him without an
6 | attorney.  *Id.* ("Juan H. again indicated that he did not want the assistance of
7 | counsel.").
8 |     Petitioner's remaining objections are without merit.
9 |     IT IS ORDERED that Judgment be entered denying the Petition and
10 | dismissing this action with prejudice.
11 |     2/7/11
12 | DATED: _____     _____
13 |                                                            DALE S. FISCHER
                                                       United States District Judge